UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO.  05-217-DLB

ROBERT L. ROLAND, II,                                                                    PETITIONER,

V.          **MAGISTRATE JUDGE'S REPORT
                AND RECOMMENDATION**

JOHN MOTLEY, WARDEN,                                                              RESPONDENT.


I.  INTRODUCTION

Petitioner, Robert L. Roland, II, a state prisoner currently incarcerated at the Eastern Kentucky Correctional Complex, West Liberty, Kentucky, previously filed herein a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Record No. 1.)  On April 13, 2000, Petitioner was convicted in the Kenton Circuit Court on one count of second degree rape.  (Id. at 1.)  In his petition for habeas corpus, Petitioner attacks his conviction on sixteen grounds, thirteen of which allege the ineffective assistance of trial counsel.  (Id.)

Respondent has filed a limited answer with a memorandum in support and an attached appendix containing relevant portions of Petitioner's state court record.  (Record No. 15.) Petitioner has filed a reply to Respondent's answer.  (Record No. 18.)  Accordingly, Petitioner's habeas corpus petition (Record No. 1) is now ripe for review.  Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and

recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons set forth below, it will be recommended that Petitioner's petition (Record No. 1) be denied and that this matter be dismissed with prejudice.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

On December 10, 1999, Petitioner was indicted by the Kenton County grand jury on one (1) count of rape in the second degree. (Record No. 15, Appendix containing state court record, hereinafter "App." 12.) Petitioner entered a plea of not guilty, and the matter proceeded to trial on February 29, 2000. (App. 13.) The Kenton Circuit Court found Petitioner guilty of second degree rape and sentenced him to seven (7) years in prison. (Id.) On appeal, the Kentucky Court of Appeals affirmed Petitioner's conviction on October 11, 2002. (App. 12-26.) Petitioner did not file an appeal with the Kentucky Supreme Court. Petitioner's conviction subsequently became final on November 26, 2002. (Id.)

On March 4, 2004, Petitioner filed a pro se motion to vacate pursuant to Ky. R. Crim. P. 11.42. (See App. 7.) On July 8, 2004, the trial court entered an order denying Petitioner's Ky. R. Crim. P. 11.42 motion. (Record No. 1 at 3.) The Kentucky Court of Appeals subsequently affirmed the denial of Petitioner's Ky. R. Crim. P. 11.42 motion on July 22, 2005. (App. 30-39.) That court subsequently denied Petitioner's petition for rehearing on October 14, 2005. (App. 28.) The Kentucky Court of Appeals also entered an order modifying the original opinion to correct a factual statement on October 21, 2005. (App. 28-

29.) That decision became final on December 1, 2005. (Id.)

### B. Procedural History

On December 19, 2005, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Record No. 1.) On March 15, 2006, Respondent filed a limited answer with an attached appendix containing portions of Petitioner's state court record. (Record No. 15.) In his limited answer, Respondent's sole contention is that Petitioner's petition for habeas corpus is barred by the statute of limitations. (Id.) Petitioner then filed a reply to Respondent's answer, contending that his petition is not time-barred. (Record No. 18.) Thus, fully briefed, Petitioner's petition (Record No. 1) is now ripe for review.

### III. ANALYSIS

### A. Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a one-year statute of limitations, in 28 U.S.C. § 2244(d)(1), applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. This one year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized

>by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, a conviction becomes final for § 2244 purposes when direct review concludes, not when the petitioner has exhausted all state remedies. Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Moreover, application of this one year period does provide a petitioner with a reasonable time in which to file even if the petitioner does not receive notice of the requirement. Cook v. Stegall, 295 F.3d 517, 519-20 (6th Cir. 2002) (no due process violation).

In this case, the Kentucky Court of Appeals affirmed Petitioner's conviction on October 11, 2002. (App. 12.) The stamp on that opinion indicates that it became final on November 26, 2002.[1] (Id.) That date then commences the one-year limitations period. Petitioner was, therefore, required to file his petition no later than November 27, 2003. Consequently, Petitioner's petition, filed on December 19, 2005, can only be deemed timely if he was entitled to statutory or equitable tolling of the limitations period.

In his reply, Petitioner concedes that it "may appear" that his petition is time-barred.

---

[1] Kentucky Rule of Civil Procedure 76.30(2)(a) states, in relevant part, that "[a]n opinion of the Court of Appeals becomes final on the 31st day after the date of its rendition unless a petition under Rule 76.32 or a motion for review under Rule 76.20 has been timely filed or an extension of time has been granted for one of those purposes. Ky. R. Civ. P. 76.30(2)(a). Although there is no explanation in the record as to why this opinion was not stamped "final" until forty-six (46) days after its entry, that delay did not prejudice Petitioner because the clock for the limitations period did not begin to run until his conviction became final.

4

(Record No. 18 at 2.) However, Petitioner disputes that conclusion. (Id.) Instead, Petitioner argues that, based on statutory tolling, his petition is timely filed when the limitations period is calculated from the date of the removal of a state-created impediment (i.e., the state's failure to provide him with a copy of court records in a timely manner), see 28 U.S.C. § 2244(d)(1)(B), or when calculated from the date on which he discovered the factual predicate for his claims through due diligence (i.e., after receiving portions of his state court record), see 28 U.S.C. § 2244(d)(1)(D). (Record No. 18.) Alternatively, Petitioner contends that his petition is timely because he is entitled to equitable tolling. (Id.)

    1. Statutory Tolling

        a. State-created Impediment

Petitioner alleges that unconstitutional state action prevented him from filing his Ky. R. Crim. P. 11.42 motion to vacate. (Record No. 18.) Specifically, Petitioner contends that because the state denied him access to court records until providing some on November 15, 2003, the limitations period commenced no earlier than that date. (Id.)

Petitioner attempts to invoke § 2244(d)(1)(B), suggesting that a state-created impediment prevented the filing of his motion to vacate; however, he has shown no impediment that falls within the purview of that subparagraph. To satisfy that section, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003). Although § 2244(d) does not define what constitutes an "impediment," the plain

language of the statute makes clear that whatever constitutes an impediment must **prevent** a prisoner from filing his **petition**. Lloyd v. VanNatta, 296 F.3d 630, 633 (7th Cir. 2002) (emphases added).

While Petitioner suggests that he was "prevented" from filing his Ky. R. Crim. P. 11.42 motion because he could not get a copy of his state court record, Petitioner fails to explain why he was unable to file his petition for habeas corpus within the one-year time limit. Petitioner makes several general allegations regarding the necessity of the court records. For example, Petitioner asserts that he "simply could not file his collateral attack, post-conviction motion without the court records." (Record No. 18 at 2.) Petitioner further alleges that a copy of the records "was necessary for the perfecting of a [motion pursuant to Ky. R. Crim. P. 11.42]." (Id. at 4.) These vague contentions, however, only relate to Petitioner's state post-conviction motion. Petitioner wholly fails to explain how or why the state court records were essential to the filing of his habeas petition.

Petitioner further provides the court with significant documentation regarding his diligent efforts to obtain his state court record. (See Record No. 18, Exs. 1-17.) That Petitioner diligently attempted to obtain the state court record prior to filing his Ky. R. Crim. P. 11.42 motion, however, does not alter the conclusion that his petition is time-barred. As the Sixth Circuit held in Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003), diligence in pursuing state post-conviction relief cannot substitute for lack of diligence in filing the federal habeas corpus petition. Moreover, diligence in obtaining state court records does not

6

equate to diligence in filing a habeas petition.

Indeed, it is well settled that a petitioner is not required to submit state court records when filing a federal habeas petition. Pliler v. Ford, 542 U.S. 225, 232 (2004). The unavailability of documents, the contents of which a petitioner has at least constructive knowledge, does not affect the petitioner's ability to file a federal habeas petition. McClesky v. Zant, 499 U.S. 467, 500 (1991). Because court records are not required to be submitted with a habeas petition, any delay in receiving them does not constitute a state-created impediment. Put simply, Petitioner's inability to obtain his state court record did not **prevent** him from timely filing his petition for writ of habeas corpus. Accordingly, the state's failure to provide Petitioner with a copy of his court records did not prevent him from filing his habeas corpus petition, and the exception created by § 2244(d)(1)(B) does not apply to this case.

### b. Factual Predicate

Petitioner further argues that his petition is timely filed when the one-year limitations period is calculated from date on which he discovered the factual predicates of his claims through due diligence. (See Record No. 18.) According to Petitioner, he was unable to discover those factual predicates without a copy of the state court record. (Id.) Petitioner, therefore, contends that the statute of limitations did not begin to run until he received a portion of the state court record on November 15, 2003.

Petitioner raises a total of sixteen claims in the instant petition for habeas corpus. (See

7

Record No. 1.) Thirteen of those claims allege that his trial counsel provided ineffective assistance. (Id.) The three remaining claims allege that he did not receive a fair and impartial jury, that the trial court erred by not excluding jurors who had served previously within a twelve-month period, and that the verdict was against the manifest weight of the evidence. (Id.)

Despite Petitioner's claim that he could not have discovered the factual predicates of his claims without the state court records, Petitioner fails to identify any specific claim for which he lacked knowledge of its factual predicate. Rather, Petitioner merely argues that he diligently attempted to get copies of the state court records until he received a portion of them in November 2003. That Petitioner may have lacked court records or transcripts, however, does not mean that he lacked knowledge of the factual basis for his claims. In fact, a review of the record reveals that the factual basis of each of the present claims was known or should have reasonably been known to Petitioner at least by the conclusion of his trial.

As noted above, Petitioner's claims allege that his trial attorney provided ineffective assistance, that the jury was not impartial, that some jurors should have been excluded, and that the verdict was against the weight of the evidence. Petitioner was present at his trial and participated in his own defense. As such, the factual basis for each of those claims was known or should have reasonably been known to Petitioner during or shortly after his trial. Indeed, Petitioner's claims regarding ineffective assistance of trial counsel allege constitutionally deficient actions by his counsel during the course of his trial. At his trial,

Petitioner observed first-hand the alleged errors committed by his attorney. Similarly, Petitioner knew or should have known the factual basis for the other three claims related to the jury and the verdict based on his presence at his trial. Thus, it seems apparent that Petitioner had, at a minimum, constructive knowledge of the factual basis for each of claims raised herein. Moreover, Petitioner has failed to state with any degree of specificity what the records would have shown, or to otherwise demonstrate how lack of access to these records prevented him from filing a timely petition for habeas corpus. Accordingly, Petitioner's inability to obtain a copy of the state court record did not prevent him from discovering the factual predicate for the instant claims, and the exception created by § 2244(d)(1)(D) does not apply to this case.

### 2. Equitable Tolling

Alternatively, Petitioner argues that his petition should be considered timely because he is entitled to equitable tolling. In support of this argument, Petitioner again contends that his diligent efforts to obtain his state court record entitle him to equitable tolling of the limitations period.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." Souter v. Jones, 395 F.3d 577, 588 (6th Cir. 2005) (quoting Allen v. Yukins, 366 F.3d 396, 401 (6th Cir.), cert. denied, 543 U.S. 865 (2004); see also Dunlap, 250 F.3d at 1003. The Sixth Circuit has cautioned, however, that the doctrine of

equitable tolling should be used "sparingly" – typically "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003). See also Cook v. Stegall, 295 F.3d 517, 521 (6th Cir.), cert. denied, 537 U.S. 1091 (2002); Dunlap, 250 F.3d at 1008. Moreover, "[t]he petitioner bears the burden of demonstrating that he is entitled to equitable tolling." McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has be induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). However, "[w]e have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." Id.; cf. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

In determining whether equitable tolling should apply, a court must consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap,

250 F.3d at 1008 (citing Andrews v. Orr, 851 F.2d 146, 152 (6th Cir. 1988)).

Petitioner contends that the extraordinary circumstances which entitle him to equitable tolling are that he was incarcerated, could not obtain the records from his attorneys, and did not have the funds to purchase copies from the court. Petitioner further suggests that the factors listed above weigh in favor of applying equitable tolling to his petition. Specifically, Petitioner argues that he has demonstrated diligence by continually requesting records from multiple sources. Petitioner also maintains that there would be no prejudice to Respondent by allowing equitable tolling in this case. Finally, Petitioner asserts that it was reasonable for him to remain ignorant of the legal requirement for filing his habeas petition due to his inability to obtain his court records.

In the present case, equitable tolling is not justified. Neither Petitioner's diligence in attempting to obtain a copy of his court records nor the state's delay in providing the same warrants equitable tolling. See Roughley v. Cockrell, 2002 WL 1899622 (5th Cir. July 12, 2002) (No. 01-11378) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records). In fact, the other circuits to consider this issue have held that the unavailability of transcripts and other state court records do not allow equitable tolling to excuse an otherwise untimely petition. See Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript no basis for equitable tolling of one-year limitation period); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged delay in receipt of a transcript); Cofer v. Johnson, 2000

WL 1029201 (5th Cir. July 14, 2000) (No. 99-40878) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); Robinson v. Johnson, 313 F.3d 128, 143 (3rd Cir. 2002) (In denying petitioner equitable tolling based on the deprivation of legal materials, the Court noted that petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials."); Brown v. Cain, 112 F. Supp. 2d 585, 587 (E.D. La. 2000) (holding transcript unnecessary to prepare habeas petition); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (lack of access to transcript does not preclude petitioner from commencing habeas corpus proceedings and does not warrant equitable tolling); Kiser v. Dretke, 2004 WL 2331592 (N.D. Tex. 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling).

     Similarly, although Petitioner suggests that it was reasonable for him to remain ignorant of the filing requirement, Petitioner has failed to demonstrate that he lacked notice or constructive knowledge of the one-year filing deadline for habeas corpus petitions.  In fact, even without notice or knowledge of that deadline, it would not have been reasonable for Petitioner to remain ignorant of the habeas filing requirement at issue here.  See Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999) (lack of actual notice, and "ignorance of the law, even for an incarcerated pro se prisoner generally does not excuse [late] filing"); see also Felder v. Johnson, 204 F.3d 168, 172 (5th Cir.) ("[I]gnorance of the law or of statute of

limitations is insufficient to warrant tolling."), cert. denied, 531 U.S. 1035 (2000); United States v. Baker, 197 F.3d 211, 218 (6th Cir. 1999).

Finally, to the extent that Petitioner suggests that the Respondent would not be prejudiced by tolling of the limitations period, "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." Allen, 366 F.3d at 401-02, 404 (quoting Vroman, 346 F.3d at 605). In light of the above, there are no factors that weigh in favor of equitable tolling. Thus, whether or not the Respondent would be prejudiced is of no consequence. Accordingly, Petitioner has failed to demonstrate that he entitled to equitable tolling in this case.

## IV. CONCLUSION

Because Petitioner has failed to demonstrate that he is entitled to either statutory or equitable tolling, it will be recommended that his petition be denied as time-barred. Moreover, because there are no material facts in dispute and it is clear from the record before the court that Petitioner's petition is untimely, an evidentiary hearing is unnecessary. Thus, the undersigned will further recommend that Petitioner's motion for an evidentiary hearing (Record No. 17) be denied as well.

Accordingly, and for the reasons provided above, it is hereby recommended that: Petitioner's petition (Record No. 1) be denied as time-barred; Petitioner's motion for an evidentiary hearing (Record No. 17) be denied; and, this matter be dismissed with prejudice.

Specific objections to this Report and Recommendation must be filed within ten (10)

days from the date of service thereof or further appeal is waived.  <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed August 9, 2006.



Signed By:
**Peggy E. Patterson**  PEP
United States Magistate Judge

Date of Entry and Service: